UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY ANDREW AVERY,

    Plaintiff,

v.                                             Case No. 3:22cv16729-MCR-HTC

ESCAMBIA COUNTY SHERIFF
DEPT., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 18, 2022, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging deputies with the Escambia County Sheriff's Office used excessive force when they arrested him on June 9, 2022. After reviewing the complaint, the Court concluded, under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, the case had to be either dismissed or stayed because resolving Plaintiff's allegations would interfere with his ongoing state criminal proceedings. Thus, on September 8, 2022, the Court indicated that if Plaintiff failed to file a notice of voluntary dismissal by September 22, the case would be stayed and Plaintiff would be required to file a status report every thirty days, beginning on October 31, 2022, advising the Court of the status of his state criminal proceedings. ECF Doc. 6.

After Plaintiff failed to file the required status report by October 31, the Court ordered him on November 4 to show cause within fourteen days why this case should not be dismissed. ECF Doc. 7. The Court subsequently received a response to the show cause order, ECF Doc. 8, and, later, a notice from Plaintiff indicating he wanted to stay this case for the month of December, ECF Doc. 9. Pursuant to the September 8 Order, Plaintiff was required to file a status report on December 30, 2022. However, Plaintiff failed to do so.

Thus, on January 5, 2023, the Court ordered Plaintiff to show cause within fourteen days why this case should not be dismissed due to his failure to comply with the Court's September 8 Order. ECF Doc. 10. To date, Plaintiff has not responded to the January 5 Order or complied with the September 8 Order. Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk close the file.

At Pensacola, Florida, this 25th day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.